UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NANCY CRACE and DONALD WEED, individually and derivatively on behalf of Nominal Defendant ROBERT WEED PLYWOOD CORPORATION d/b/a ROBERT WEED CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID WEED *et al.*, <br><br> Defendants. | CAUSE NO. 3:23-CV-665 DRL-MGG |

ORDER

A week ago, Nancy Crace and Donald Weed filed a complaint against David Weed and William Weed, also naming Robert Weed Plywood Corporation (d/b/a Robert Weed Corporation) as a nominal defendant. The court has an independent obligation to ensure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003).

The complaint alleges diversity jurisdiction. *See* 28 U.S.C. § 1332. Diversity is present if the corporation remains on the side of the defendants (or is considered nominal). If the corporation were rightly aligned with the plaintiffs, diversity would be destroyed, as the corporation and the other defendants are citizens of the same state. The court finds jurisdiction to exist, albeit not for the reasons pleaded in the complaint.

Because the corporation and its management are adverse to the plaintiffs, the court finds that the corporation is rightly aligned as a defendant. *See Smith v. Sperling*, 354 U.S. 91, 96 (1957) (court should "determine the issue of antagonism on the face of the pleadings and by the nature of the controversy"); *Beck v. Dobrowski*, 559 F.3d 680, 687 (7th Cir. 2009) ("A corporation is controlled by its management, and when the management opposes the derivative suit the corporation is treated as a

defendant rather than as a plaintiff for purposes of determining whether there is diversity jurisdiction.").

Robert Weed Corporation is not a nominal defendant. A nominal party's relationship to the action is "merely incidental and it is of no moment [to the nominal party] whether the one or the other side in [the] controversy succeeds." *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) (quotations omitted); *accord United States CFTC v. Sarvey*, 2008 U.S. Dist. LEXIS 54566, 15 (N.D. Ill. July 17, 2008) ("Plaintiffs may not name parties as nominal defendants while also implying that they violated the law."). This action does more than incidentally rope in the corporation. For example, the plaintiffs allege that "the Company has refused and continues to refuse to equitably distribute proceeds to Minority Shareholders" [ECF 1 ¶ 65]. On the face of the pleading, the court will treat Robert Weed Corporation as an actual defendant. *See Cherif*, 933 F.2d at 415 ("If [a nominal defendant] is a defendant, the district court should make him one.").

The court ORDERS this case to proceed with Robert Weed Corporation identified as an actual defendant, not nominal defendant, with jurisdiction found thusly intact.

SO ORDERED.

July 21, 2023                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court